**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HAROLD CASE and DEBRA CASE,

Plaintiffs, Case No: 8:15-cv-588-T-24TBM

v.

CULLUM & MAXEY CAMPING CENTER INC.,

Defendant.
_________________________________/

**PLAINTIFFS' MOTION FOR LIMITED JURISDICTIONAL DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiffs, HAROLD CASE and DEBRA CASE ("Plaintiffs"), by and through their attorneys, moves this Court for an order permitting Plaintiffs to conduct limited jurisdictional discovery prior to submitting their response to Defendant Cullum and Maxey Camping Center, Inc.'s ("Defendant") Motion to Dismiss and/or Motion to Transfer Venue (Doc. 7) for lack of personal jurisdiction. Exhibit A attached to this Motion contains a proposed schedule for the requested discovery, and a proposed revised deadline for Plaintiffs' response to the Motion to Dismiss. Pursuant to Local Rule 3.01(g), opposing counsel has indicated that Defendant opposes this Motion.

**Factual Background**

1. On February 18, 2015, Plaintiffs filed their Complaint for Damages against the Defendant in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. 2).

2. Defendant then removed the case to this Court pursuant to 28 U.S.C. § 1332 reasoning that complete diversity of citizenship exists between the parties and the $75,000 jurisdictional threshold is satisfied.

3. After the case was removed, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b) for lack of personal jurisdiction and/or Transfer of Venue pursuant to 28 U.S.C. § 1404. (Doc. 7).

4. In support of its Motion to Dismiss, Defendant filed an Affidavit of Bud Maxey in which he makes several assertions as to Defendant's business activities in Florida.

5. No discovery has been performed in this case nor has Defendant filed an answer.

6. As discussed further below, Plaintiffs are in need of jurisdictional discovery in order to support their personal jurisdiction arguments.

**Memorandum of Law in Support of Motion for Jurisdictional Discovery**

A plaintiff is entitled to elicit material through discovery before a claim may be dismissed for lack of jurisdiction. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). (holding that the plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction); *Chatham Condominium Assos. v. Century Village, Inc.*, 597 F. 2d 1002 (5th Cir. 1979) ("dismissal for lack of subject matter jurisdiction prior to trial, and certainly prior to giving the plaintiff ample opportunity for discovery, should be granted sparingly"). Jurisdictional discovery is favored in order to promote the meaningful resolution of challenges to personal jurisdiction. *Majd-Pour vs. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997).

Plaintiff contends that limited jurisdictional discovery proposed below would be useful to establish that personal jurisdiction over Defendant is appropriate in this forum. Specifically,

Plaintiff seeks at least the following categories of limited discovery focusing on additional facts related to Defendant's contacts with Florida, including discovery related to:

- Activities of Defendant or its executives and/or authorized representatives within Florida.

- Communications by and between Defendant and Florida residents or individuals physically located in Florida, including internet chatting, emails, and telephone conversations.

- Details regarding sales to Florida residents as mentioned in paragraph 14 of Bud Maxey's Affidavit attached to Defendant's Motion to Dismiss.

- Details regarding Defendant's website, mentioned in paragraph 8 of Bud Maxey's Affidavit, as it relates to solicitation of Florida residents, the level of interaction between the host and the user, the commercial nature of the website.

- Whether Defendant has entered into any contracts with Florida residents in connection with Defendant's internet activities.

- Whether Defendant has paid taxes in Florida.

- Whether Defendant has purchased goods or services from entities or individuals located within Florida.

- The extent and nature of the conversations between Defendant and Plaintiff prior to the sale of the subject recreational vehicle to Plaintiff.

- The circumstances regarding how Defendant acquired the subject luxury recreational vehicle.

- Other discovery directed at Defendant's contacts with the State of Florida.

Harold and Debra Case seek the above jurisdictional facts through written discovery. Accordingly, Plaintiffs proposes the attached schedule (Exhibit "**A**") for limited jurisdictional discovery and a revised deadline for filing its memorandum in opposition to Defendant's Motion to Dismiss (Doc. 7).

**WHEREFORE**, Harold and Debra Case respectfully request that the Court enter an order granting this Motion for Limited Jurisdictional Discovery in its entirety and extend the deadline for Plaintiffs to file a memorandum in opposition to Defendant's Motion to Dismiss (Doc. 7) until June 9, 2015 and any such further relief as the Court deems appropriate and just.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished by electronic mail to Martin Deptula, Jr., Esquire (mdeptula@abbeyadams.com) and David J. Abbey, Esquire, (dabbey@abbeyadams.com); (lspain@abbeyadams.com), Abbey, Adams, Byelick & Mueller, LLP, P.O. Box 1511, St. Petersburg, Florida 33713; via the CM/ECF System on this 14th day of April, 2015.

**CURRY LAW GROUP, P.A.**

BY:/s/ Clifton C. Curry________________
**CLIFTON C. CURRY, JR., ESQUIRE**
**CCCService@currylawgroup.com**
Clif.Curry@currylawgroup.com
Florida Bar No.: 0338915
LOUIS D. LAZARO, ESQUIRE
LDLService@currylawgroup.com
Louis.Lazaro@currylawgroup.com
Florida Bar No.: 116378
Copy: Beth.Musolino@currylawgroup.com
Curry Law Group, P.A.
P.O. Box 1143
Brandon, Florida 33509-1143
(813) 653-2500/bm
Attorney for Plaintiff

# <u>Exhibit A</u>

**Proposed Schedule for Jurisdictional Discovery**

| DATE | EVENT |
|---|---|
| **May 1, 2015** | Deadline for Plaintiffs to serve written discovery on Defendant |
| **May 20, 2015** | Deadline for Defendant to serve responses to written discovery and produce responsive documents |
| **June 9, 2015** | Deadline for Plaintiff to file their Memorandum in Opposition to Defendants' Motion to Dismiss |